LOGAN *v.* TENNESSEE CHEMICAL CO.; *et vice versa.*

1. The provisions of the statute as embodied in the Civil Code (1910), §§ 1771, 1777, do not require the annual registration, for each fiscal year, of each brand of fertilizer sold.
2. The second, third, and fourth questions propounded by the Court of Appeals depend upon an affirmative answer to the first question pro-

pounded. As that question is answered in the negative, it is not necessary to deal with the other questions.

3. The fifth question fails to state such definite question of law unmixed with questions of fact as this court is called upon to answer; and consequently that question will not be answered.

No. 6383. AUGUST 15, 1928.

Questions certified by Court of Appeals (Case Nos. 18176, 18177).

*W. P. Wallis* and *Hollis Fort,* for plaintiff in error.

*Bennet & Peacock* and *W. W. Dykes,* contra.

ATKINSON, J. 1. The Court of Appeals certified to the Supreme Court, as necessary to a proper decision of the case, the following question: "Does the act of the General Assembly approved December 18, 1901 (Ga. L. 1901, p. 65; Civil Code of 1910, §§ 1771, 1777), require the annual registration, for each fiscal year, of each brand of fertilizers sold?" The portions of the statute referred to in the foregoing question are: "All manufacturers, jobbers, and manipulators of commercial fertilizers and fertilizer materials to be used in the manufacture of the same, who may desire to sell or offer for sale in the State of Georgia such fertilizers and fertilizer materials, shall first file with the commissioner of agriculture of the State of Georgia, upon forms furnished by said commissioner, the name of each brand of fertilizers, acid phosphates, fertilizer materials, or chemicals, which they may desire to sell in said State, either by themselves or their agents, together with the name and address of the manufacturer or manipulator, and also the guaranteed analysis thereof, stating the sources from which the phosphoric acid, nitrogen, and potash are derived; and if the same fertilizer is sold under a different name or names, said fact shall be so stated, and the different brands which are identical shall be named." § 1771. "The guaranteed analysis of each and every brand of fertilizer or fertilizer material must, without exception, remain uniform throughout the fiscal year for which it is registered, and in no case, even at subsequent registration, shall the grade be lowered, although the proportion of the available constituents may be changed so that the decrease of one constituent may be compensated for in value by the increase of the other or others. Such proposed change must first receive the approval of the commissioner of agriculture. A brand name, and, or trade-mark registered by one manufacturer shall not be entitled to registration by another,

and the manufacturer having first registered and used the said brand name, and, or trade-mark, shall be entitled to it, even should said brand name, and, or trade-mark, not be offered for current registration at the time. Nothing in this section shall be construed as debarring the right of any manufacturer to establish his ownership in, and prior right of registration of, any brand name and, or trade-mark, whether said brand name and, or trade-mark, had been previously registered or not." § 1777.

The above-quoted provisions of the statute are penal in their nature, and are to be strictly construed. § 1771 requires all persons desiring to sell or offer for sale in this State fertilizers and fertilizer materials to "first file with the commissioner of agriculture of the State, . . upon forms furnished by said commissioner," the name of each brand which they may desire to sell in the. State, together with the name and address of the manufacturer or manipulator and also the guaranteed analysis thereof. The statute does not specify the time at which the name of the brand shall be filed with the commissioner of agriculture, but only requires that it be done before the brand of fertilizer or fertilizer material is offered for sale in this State, nor does the statute prescribe that there shall be more than one filing of any particular brand of fertilizer or fertilizer material. In section 1777 it is prescribed that the guaranteed analysis of the brand of fertilizer or fertilizer material must "remain uniform throughout the fiscal year for which it was registered." The statute (§ 1771) did not declare that the filing of the brand of fertilizer should be "for a calendar year," or for any other limited time, nor does the statute (§ 1777) define the term "fiscal year" or otherwise fix a period of time that should be deemed a fiscal year. The object of the provisions of § 1777 is not to require reregistration where the fertilizers and fertilizer materials remain as they were when registered under § 1771, but it is to prevent persons who have filed their brands of fertilizers and fertilizer materials, as provided in § 1771, from changing the brand without the approval of the commissioner of agriculture within such fiscal year as the commissioner of agriculture may adopt, or may have adopted, to govern the general fiscal affairs of his office. Repetitions of registration of the same brand of fertilizers or fertilizer materials would be of no value to the public and an unnecessary inconvenience to the persons offering them for sale, and intent to

require such a vain and useless thing does not appear expressly or by necessary implication from the language of the statute.

2, 3. The rulings announced in the second and third headnotes do not require elaboration.  *All the Justices concur.*